**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:09-00021 |
| | ) | Judge Trauger |
| JERRY THOMAS BUFORD, JR. | ) | |
| | ) | |

**<u>MEMORANDUM and ORDER</u>**

The defendant has filed a Renewed Motion to Suppress (Docket No. 83), to which the government has responded in opposition (Docket No. 84), and both parties have replied (Docket Nos. 85, 86).

The defendant maintains that the Sixth Circuit opinion reversing this court on the application of *Leon* after *Gant* left open the issue of whether or not Officer Chisolm actually relied upon later-abrogated circuit precedent when undertaking the search of the defendant's vehicle. This assertion is in error. The defendant raised this same point in his brief on appeal (Docket No. 83-1 at 20), and the Sixth Circuit addressed and ruled upon that issue in its decision in this case. *United States v. Buford*, 632 F.3d 264, 269 n.2 (6th Cir. 2011). The defendant maintains that the remand includes, allows, and mandates that this court make some further factual determination before the *Leon* good-faith exception will apply. The court does not interpret the Sixth Circuit's remand in that way. The Sixth Circuit is perfectly capable of instructing the district court that it is to make specific factual determinations upon remand. *See United States v. Dudeck*, __ F.3d __, 2011 WL 3179902, *6 (6th Cir. July 28, 2011), and the Sixth Circuit did not remand this case with that type of instruction to the district court.

1

For the reasons expressed herein, it is hereby **ORDERED** that the defendant's Renewed Motion to Suppress (Docket No. 83) is **DENIED**.

It is so **ORDERED**.

ENTER this 3rd day of August 2011.

_____
ALETA A. TRAUGER
U.S. District Judge